| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 9:18-CR-43 |
| | § | |
| WINFRED EARL WARE, JR. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Winfred Earl Ware, Jr.'s ("Defendant") Motion for Discovery and Inspection of Evidence (#42), in which Defendant requests that the court order the Government to produce certain materials. Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that Defendant's motion should be denied.

I.  Background

On November 14, 2018, a Grand Jury for the Eastern District of Texas returned a three-count Indictment charging Defendant with: (1) conspiracy to possess with intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. § 846; (2) obstruction of the due administration of justice, in violation of 18 U.S.C. § 1503; and (3) tampering with a witness by misleading conduct, in violation of 18 U.S.C. § 1512(b)(1). Defendant filed the instant motion on May 6, 2019, and the Government filed its response (#51) on May 17, 2019, opposing Defendant's motion in part. The Final Pre-Trial Conference, which immediately precedes jury selection and trial, is set for June 17, 2019.

In his motion, Defendant requests that the court order the Government to produce information described in 23 paragraphs that he believes is in the possession of the Government or its agents or which through due diligence would become known to the investigating officers,

witnesses, or persons having knowledge of the events underlying this case. The Government denies any noncompliance with Federal Rule of Criminal Procedure 16, the court's Scheduling Order (#15), and other federal rules governing exculpatory, mitigating, and impeachment information. The Government maintains that many of Defendant's requests are overly broad or improperly expand the Government's discovery obligations.

II.   Analysis

"There is no general constitutional right to discovery in a criminal case . . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *accord United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982); *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir.), *cert. denied*, 444 U.S. 990 (1979). Rather, discovery in criminal cases is narrowly limited and is largely governed by the Federal Rules of Criminal Procedure. *Fischel*, 686 F.2d at 1090. "Rule 16 is a discovery rule designed to protect defendants by compelling the prosecution to turn over to the defense evidence material to the charges at issue." *Yates v. United States*, ___ U.S. ___, 135 S. Ct. 1074, 1083 (2015); *see* FED. R. CRIM. P. 16. Rule 16, however, does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500," the Jencks Act. FED. R. CRIM. P. 16(a)(2); *see United States v. Yassine*, 574 F. App'x 455, 463 (5th Cir.), *cert. denied*, 135 S. Ct. 765 (2014).

The Jencks Act provides:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any

statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

* * *

(e) The term "statement" as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500; *see United States v. Moore*, 452 F.3d 382, 389 (5th Cir.), *cert. denied*, 549 U.S. 969 (2006). To invoke production under the Act, a defendant must move for production *after* the witness has testified: "'The trial court cannot compel disclosure . . . at any earlier point;' however, early Jencks Act disclosure 'should be encouraged.'" *Yassine*, 574 F. App'x at 463-64 (quoting *United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir. 1985), *cert. denied*, 474 U.S. 1086 (1986)); *see* 18 U.S.C. § 3500(a). Indeed, early disclosure by the government "avoid[s] the interruptions and delay at trial that are inevitable if the defense does not receive the material until the conclusion of the direct testimony . . . [and] obviates the need for a Jencks motion by the defendant at the close of each witness's testimony." *McKenzie*, 768 F.2d at 609. A defendant may waive his right to production under the Act, however, by "fail[ing] to alert the trial judge that he believes the government has failed to produce a statement covered by the Jencks Act." *United States v. Guerrero*, 768 F.3d 351, 364 (5th Cir. 2014) (quoting *United States v. Hodgkiss*, 116 F.3d 116, 119 (5th Cir.), *vacated and remanded on other grounds*, 522 U.S. 1012 (1997)).

In addition to the Federal Rules of Criminal Procedure and the Jencks Act, several cases, though not discovery rules, affect criminal discovery procedures as "rule[s] of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978), *cert. denied*, 440 U.S. 947 (1979). In *Brady v. Maryland*, the United States Supreme Court established that the government "must produce evidence favorable to the accused that is material to guilt or punishment." *Woodfox v. Cain*, 609 F.3d 774, 790 n.4 (5th Cir. 2010); *see Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *United States v. Davis*, 609 F.3d 663, 696 (5th Cir. 2010), *cert. denied*, 562 U.S. 1290 (2011). "Evidence is 'material' if there is 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Davis*, 609 F.3d at 696. In 1972, in *Giglio v. United States*, the Supreme Court extended this requirement to "evidence affecting the credibility of key government witnesses." *Id.*; *see Giglio v. United States*, 405 U.S. 150, 154-55 (1972). "A *Giglio* violation usually occurs when a cooperating witness denies having a plea agreement and the prosecutor fails to correct the misstatement." *Davis*, 609 F.3d at 696 (quoting *United States v. Williams*, 343 F.3d 423, 439 (5th Cir.), *cert. denied*, 540 U.S. 1093 (2003)); *see United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002). A violation may also occur, however, when a prosecutor "denies the existence or misrepresents the terms of a plea agreement." *Williams*, 343 F.3d at 439. Information which falls under *Brady* or *Giglio* that is also subject to the Jencks Act, however, need not be produced until after the government witness testifies. *See United States v. Brown*, 699 F.2d 704, 709 (5th Cir. 1983) ("[W]hen alleged *Brady* material is

4

contained in Jencks Act material, disclosure is generally timely if the government complies with the Jencks Act.") *(quoting United States v. Anderson*, 574 F.2d 1347, 1352 (5th Cir. 1978)).

Both *Brady* and Rule 16 require the Government to produce, upon request, information "material" to preparing a defense; the gravamen of materiality is more than "mere speculation or allegations that the prosecution possesses exculpatory information." *United States v. Jordan*, 316 F.3d 1215, 1252 n.81 (11th Cir. 2003). "[T]he mere possibility that an item of undisclosed information might have aided the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97 (1976).

A. Requests for Disclosure Under Federal Rule of Criminal Procedure 16(a)(1)

In paragraphs 2, 3, and 13 of his motion, Defendant seeks the disclosure of his oral statements pursuant to Federal Rule of Criminal Procedure 16, subdivision (a)(1)(A). Rule 16(a)(1)(A) provides:

> Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

FED. R. CRIM. P. 16(a)(1)(A). The Government contends that it has already provided, and will continue to provide, Defendant's oral statements as requested in paragraph 2. The Government objects to Defendant's request in paragraph 3 for statements of any co-defendants or co-conspirators, the disclosure of which is not required under subdivision (a)(1)(A). The Government also states that it will make available, as requested in paragraph 13, statements of witnesses who testified before the grand jury who will also be called to testify at trial.

5

Accordingly, Defendant's requests for disclosure of Rule 16(a)(1)(A) information that has not already been provided are denied as premature.

Defendant's requests in paragraphs 1 and 17 are based on Rule 16(a)(1)(B), which states that the government shall disclose "any relevant written or recorded statement by the defendant" if certain conditions are met. FED. R. CRIM. P. 16(a)(1)(B); *see United States v. El-Mezain*, 664 F.3d 467, 519 (5th Cir. 2011), *cert. denied*, 568 U.S. 977 (2012). The Government asserts that it has complied with Rule 16(a)(1)(B) by providing the information described in paragraphs 1 and 17. The Government notes, however, that subdivision (a)(1)(B) does not require the Government to provide, as requested by Defendant, the written and recorded statements of co-conspirators and co-defendants. Defendant's request in paragraph 1, with respect to information that has not already been disclosed, is denied as premature, and Defendant's request in paragraph 17 is denied.

In paragraph 10, Defendant repeats his requests in paragraphs 8 and 9. He cites Rule 16(a)(1)(C) to support this request. Rule 16(a)(1)(C), however, applies to organizational defendants only. The request in paragraph 10 of Defendant's motion is denied.

In paragraph 4, Defendant seeks an order for the production of his prior criminal records under Rule 16(a)(1)(D). The Government states that it will comply with subdivision (a)(1)(D) of Rule 16 and paragraph (A)(5) of the pretrial discovery and inspection section of the Scheduling Order (#15, at 2), which it has already been ordered to provide. Therefore, Defendant's request in paragraph 4 for Rule 16(a)(1)(D) disclosures that have not been provided is denied as premature.

The basis for Defendant's requests in paragraphs 5, 6, 7, 11, 14, and 23 is Rule 16(a)(1)(E), which states:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E). The Government responds that it will comply with the requirements of subdivision (a)(1)(E) of Rule 16 and paragraph (A)(6) of the pretrial discovery and inspection section of the Scheduling Order (#15, at 2), which it has already been ordered to provide. As noted by the Government, Defendant seeks some information that is beyond the scope of the rule. To the extent that Defendant is requesting information in paragraphs 5, 6, 7, 11, 14, and 23 that is authorized under Rule 16(a)(1)(E) but has yet to be disclosed, his requests are denied as premature. Defendant's requests for information that is beyond the scope of Rule 16(a)(1)(E) are denied.

In paragraph 16, Defendant seeks access to reports of examinations and tests pursuant to Rule 16(a)(1)(F). The Government responds that it has already provided, and will continue to provide, the requested information. The Government also notes that it has already been ordered to disclose the same information in the Scheduling Order (#15, at 2) regarding pretrial discovery and inspection. Accordingly, Defendant's request in paragraph 16 is denied as premature.

B.  Disclosures Pursuant to Federal Rule of Evidence 404(b)

In paragraphs 8, 18, 19, and 20, Defendant requests information under Federal Rule of Evidence 404(b). The Government avers that it will provide a witness list and a Rule 404(b) disclosure in a separate filing. As the Government points out, the rule does not require disclosure

of the addresses and phone numbers of witnesses. Therefore, Defendant's requests for disclosures of witnesses and Rule 404(b) evidence in paragraphs 8, 18, 19, and 20 are denied as premature, and his requests for information to which he is not entitled are denied.

C. Requests for Disclosure of Names and Contact Information

In paragraphs 9, 12, and 15, Defendant makes a shotgun request for the names and addresses of individuals who have knowledge pertaining to this case or who have been interviewed by the government or their agents and each government agent, law enforcement agent, or other person involved in his arrest, questioning, or search of his residence or vehicle. He also requests the name, address, and telephone number of individuals who have provided information related to his case.

"The Government has a privilege, usually referred to as the informer's privilege, 'to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'" *United States v. Ortega*, 854 F.3d 818, 824 (5th Cir. 2017) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957)); *United States v. Alaniz*, 726 F.3d 586, 609 (5th Cir. 2013). There is no fixed rule to determine whether the information should be disclosed; however, the court "balanc[es] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Ortega*, 854 F.3d at 824 (quoting *Roviaro*, 353 U.S. at 62); *Alaniz*, 726 F.3d at 609. To make this determination, the court applies a three factor test: "(1) the level of the informant's activity; (2) the helpfulness of the disclosure to the asserted defense; and (3) the Government's interest in nondisclosure." *Ortega*, 854 F.3d at 824 (quoting *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007)); *Alaniz*, 726 F.3d at 609. Here, Defendant does not specify what information he seeks or explain how the

8

information might be helpful. The Government maintains that it has provided, and will continue to provide, disclosures relevant to his requests. Therefore, his requests are denied.

    D.    <u>Disclosure of Evidence Under *Brady*, *Giglio*, and the Jencks Act</u>

In paragraphs 21 and 22, Defendant requests disclosure of any exculpatory and impeachment material. Defendant not only requests that the Government comply with Rule 16, *Brady*, *Giglio*, and Jencks Act obligations, but also that it produce such evidence prior to trial. He requests "[a]ny and all materials known to the government or which may become known . . . which is exculpatory in nature or favorable to the accused, . . . including any evidence impeaching or contradicting testimony of government witnesses," as well as "[t]he substance of any and all statements and discussions had with any of the co-defendants or co-conspirators herein . . . indicating a promise or suggestion of . . . any benefit." The Government states that it intends to comply with its discovery obligations. Moreover, the Government has already been ordered to disclose this information pursuant paragraph (A)(8) of the Scheduling Order (#15, at 2) regarding pretrial discovery and inspection. Defendant also opposes any "instructions to government witnesses not to speak with or discuss the facts of this cause with defense counsel." The Government denies providing any such instruction to a government witness. Accordingly, Defendant's requests in paragraphs 21 and 22 are denied as moot.

III.    <u>Conclusion</u>

Because Defendant seeks information that the Government has already disclosed, intends to disclose when available, or to which he is not entitled, his Motion for Discovery and Inspection of Evidence (#42) is DENIED.

**Signed this date**

**May 24, 2019**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE