# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 9:18-CR-00043 |
| | § | JUDGE CRONE |
| WINFRED EARL WARE | § | |

## DEFENDANT'S RESPONSE TO MOTION IN LIMINE

**COMES NOW, WINFRED EARL WARE**, defendant, by and through his attorney of record Greg Gladden, files this, his Defendant's Response to the Government's Motion in Limine, and would show the Court as follows:

### I.

On June 05, 2019, the **UNITED STATES OF AMERICA** filed a Motion in Limine to prevent any reference to possible punishment or plea negotiations. The government would also like to "prevent the mention of or attempt to impeach any government witness outside the purview of Federal Rules of Criminal Procedure 608 and 609." The government requests that there be no mention, or attempt to enter, "any extraneous proof of witnesses' criminal history" or evidence outside the purview of the Federal Rules of Evidence governing the admissibility of character evidence." The Government also submitted the motion to prevent the mentioning or offering evidence in regard to the "defendant's prior interactions with law enforcement and prosecuting authoritites in Panola County, Texas and elsewhere." Lastly, the government that the motion in Limine be granted to prevent "any reference or indication that the government filed" the Motion in Limine.

**II.**

The Defendant would ask the Court to grant the Motion in Limine in part. Regarding the following sections, enforce the motion equally to both the Government, the Defense and all witnesses:

Parts I, II, III, IV,V and VII.

**III.**

**Character Evidence**

The Government states that allowing the defendant to "offer evidence of a defendant's pertinent trait (Rule 404(a)(2)(A))- character evidence regarding a defendant's truth and veracity is not relevant in a drug offense" This is not just a case regarding a drug offense. Evidence of the defendant's character is pertinent to a case that also includes the charges of obstruction of justice and tampering with a witness.

**IV.**

**Evidence Regarding the Defendant's Prior Criminal Charges and Interactions with Law Enforcement and Prosecuting Authorities.**

Bias describes the relationship between a witness and a party that might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. *United States v. Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 469 (1984). Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony. *Id*.

Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986). Trial judges do retain a wide latitude insofar as the Confrontation Clause is concerned

to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. *Id.* The cross-examiner has traditionally been allowed to discredit the witness by means of cross-examination directed toward revealing possible "biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand". *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110 (1974). During cross-examination, the focus of the defendant's prejudice inquiry in determining whether the confrontation right has been violated must be on the particular witness. *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S. Ct. 1431, 1435 (1986). A criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in "otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." *Id*. In doing so, the defendant would be able "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U.S. 308, 318 (1974).

**WHEREFORE PREMISES CONSIDERED**, **WINFRED EARL WARE** respectfully prays through his attorney that the court deny the Government's Motion in Limine as to part VI of this motion.

Respectfully submitted,

 /s/ Greg Gladden
GREG GLADDEN
Law Office of Greg Gladden
3017 Houston Avenue
Houston, Texas 77009
Phone: 713/880-0333
Fax: 713/880-4018
State Bar No. 07991300

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2019, I electronically filed the foregoing Defendant's Response to Motion in Limine with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for CM/ECF and via email to Lauren Gaston at lauren.gaston@usdoj.gov.

LAUREN GASTON
EASTERN DISTRICT OF TEXAS
Assistant United States Attorney
Office of U S Attorney
415 S. First St., Suite 201
Lufkin, Texas 75901


Michelle S. Englade
Eastern District of Texas
Assistant United States Attorney
350 Magnolia, Ste. 150
Beaumont, Texas 77701


    /s/ Greg Gladden
    GREG GLADDEN