IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No.9:18-CR-00043-MAC |
| vs. | |
| WINFRED EARL WARE, JR., | |
| Defendant. | |

## ORDER GRANTING IN PART GOVERNMENT'S ENFORCEMENT OF PROTECTIVE ORDER

Pending before the Court is the Government's "Motion for Enforcement of Protective Order." (Doc. No. 107.) This motion was referred to the undersigned for consideration and determination pursuant to 28 U.S.C. § 636; E.D. TEX. CRIM. R. 59(d). The Government seeks to enforce the Protective Order (Doc. No. 107) by ordering the removal of any and all items in Ware's possession that are within the scope of the Protective Order.

Ware raises several objections to the Government's motion, but primarily contends that the documents in his possession are "in his possession solely because the Government gave them to him" after they were "inspected, rearranged, copied, and returned to him." (Doc. 110, p. 3.) It appears that Ware contends the documents in his possession are not covered by the Protective Order because of the circumstances in which he received the documents and/or that the documents do not contain sensitive information.

On July 24, 2019, the undersigned issued an order requiring that (1.) Defense counsel, Mr. Greg Gladden, seize all non-privileged documents in Ware's possession and provide the originals to the Government, (2.) the Government identify the documents it claims should be permanently removed from Ware's possession ("Alleged Protected Documents"), and (3.) that counsel for both

parties meet and confer and prepare a Joint Report of Confidential Documents that identifies the documents at issue. The Parties filed the Joint Report of Confidential Documents under seal on August 13, 2019. (Doc. No. 125.) After a hearing on the matter on August 20, 2019, the undersigned finds that the Government's "Motion for Enforcement of Protective Order" (Doc. 107) should be granted in part.

### I. Protective Order

On December 12, 2018, the undersigned granted the Government's unopposed motion and issued a Protective Order Governing the Disclosure of Case Materials. (Docs. 12, 13.) The order requires:

> (1) . . . The United States may produce offense material including, but not limited to, offense reports, audio and video recordings, photographs, digital material, and other disclosures that may contain the names and other personally identifiable information of potential government witnesses to defendant, pursuant to the United States' discovery obligations. Upon producing these documents to the defendant, the United States shall designate them as "confidential" in the manner set forth below. The defendant, including defendant's counsel and counsel's staff, may use these documents only for the purposes of the litigation, and may not disclose or disseminate the contents of any documents or recordings provided as discovery to anyone other than the necessary members of counsel's staff or the defendant in accordance with this Order. Defense counsel or counsel's staff shall not file these documents with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. Defense counsel or counsel's staff shall not duplicate copies of such disclosures. **The defendant will not be allowed to possess a copy of these documents outside of the courtroom.**
>
> (2) Within 90 days of the final conclusion of this litigation, defense counsel shall return to counsel for the United States the discovery material, as well as all notes, memoranda, summaries, or other materials and documents containing information produced from the discovery material, or defense counsel shall destroy such material and certify in writing to counsel for the United States that the materials and documents have been destroyed.
>
> (3) Designation of Material Subject to this Protective Order. To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a diskette

cover, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

. . .

(5) No Waiver. The failure to designate any materials as provided in paragraph three shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

Doc. 13 (emphasis added).

## II. Alleged Protected Documents

The Joint Report identifies six documents that the Government claims Ware should not possess:

| Bates Stamp Number | Description of Document |
|---|---|
| GOV_000001 to GOV_000002 | AT&T Mobility (with cell location) |
| GOV_000003 to GOV_000004 | AT&T Mobility (with cell location) |
| GOV_000005 to GOV_000009 | North Texas Regional Computer Forensics Laboratory Report (Richard Hendrix) |
| GOV_000010 to GOV_000014 | Email Correspondence Between Government and Defense Counsel (multiple copies) |
| GOV_000015 to GOV_000032 | North Texas Regional Computer Forensics Laboratory Report (Scott Morris) (multiple copies) |
| GOV_000033 to GOV_000034 | Panola County Sheriff's Department Criminal Investigation Division Report Dated 1/8/2016 |

## III. Discussion

The Protective Order clearly states that the Government must designate, on the material itself, in an accompanying cover letter, or on a diskette cover, whether a document is deemed "Confidential." The Government states that an initial discovery letter was sent to Mr. Gladden on

3

December 20, 2018, advising him that all discovery, other than records generally disseminated, is provided pursuant to the Protective Order.[1]

The undersigned finds that the documents provided to Ware through discovery and not admitted as exhibits at trial for the jury to consider[2] are governed by the Protective Order. Accordingly, Ware shall not be allowed to possess the following documents: AT&T Mobility reports (Bates Stamp 1-4), North Texas Regional Computer Forensics Laboratory Report (Bates Stamp 5-9), North Texas Regional Computer Forensics Laboratory Report (Bates Stamp 15-32), and the Panola County Sheriff's Department Criminal Investigation Division Report Dated 1/8/2016 (Bates Stamp 33-34). However, the email correspondence between counsel for the Government and Mr. Gladden (Bates Stamp 10-14) was not produced through the discovery process, nor marked "Confidential," and therefore, is not covered by the Protective Order. The Government expressed concern that these emails, filed as an attachment to Doc. 74, (Defendant's "Motion for Impositions of Sanctions"), contain sensitive information regarding a pending investigation. Nevertheless, the undersigned finds that the Government's concern can be alleviated by sealing this document on the record, thus blocking it from public access.

### IV. Order

For the reasons stated above, the Government's "Motion for Enforcement of Protective Order" (Doc. No. 107) is **GRANTED** to the extent that the Defendant is prohibited from possessing AT&T Mobility reports (Bates Stamp 1-4), North Texas Regional Computer Forensics Laboratory Report (Bates Stamp 5-9), North Texas Regional Computer Forensics Laboratory

---

[1] However, the Protective Order also states that "failure to designate any materials as provided [as "Confidential"] shall not constitute a waiver of a party's assertion that the materials are covered by the Protective Order.

[2] The District Court and the parties seemed to agree that any document admitted as an exhibit for the jury's consideration lost its protected status. (*See* Doc. No. 117, p. 40-41 (excerpt of trial transcript)).

Report (Bates Stamp 15-32), and the Panola County Sheriff's Department Criminal Investigation Division Report Dated 1/8/2016 (Bates Stamp 33-34). The motion is **DENIED** to the extent it seeks to limit Defendant's possession of email correspondence identified at Bates Stamp 10-14. However, the courts **ORDERS** that those documents be marked as "sealed" on the record so that public access is prohibited.

Also pending is the Defendant's "Motion for Production" filed on August 19, 2019, which was addressed at the hearing by both parties. (Doc. No. 127.) Ware asks the court to "[o]rder the Government to produce the complete duplicates of the copies they made of each and every document seized from Defendant, his cell, person, or counsel table during [t]rial." (*Id.*) In light of the undersigned's ruling on the pending Motion to Enforce Protective Order and foregoing explanation, Ware's counsel indicated this motion is now moot. Accordingly, the Defendant's Motion for Production" (Doc. No. 127) is **DENIED AS MOOT**.

**Finally, several documents within Ware's Bill of Exception for trial may fall within the scope of the Protective Order. Accordingly, Ware's counsel on appeal shall take note and comply with the Protective Order.**

SIGNED this 23rd day of August, 2019.

_____
Zack Hawthorn
United States Magistrate Judge