Page 1
RECEIVED: 10/3/19
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

<u>Defendant's Response to Governments Objection to the PreSentence Investigation Report</u>

Hello Mrs. Linda,

I am writing in regards to the Governments Objection to the PreSentence Report. I have raised many concerns and issues in regards to the inaccurate and materially untrue information that was submitted to U.S. Probation from the Government.

I object to the Government seeking to make me responsible for the bogus uncorroborated testimony that was given by Derek Harrison and Tamar Tucker in trial in regards to drugs they have seen or received. No evidence in the trial record supports their testimony.

I have filed several Pro Se motions challenging the sufficiency of the evidence presented at Trial, as it is essential to the base offense level charged in the PSR.

- Count One in the Indictment charged (Conspiracy to Possess with Intent to Distribute 50 Grams or more). In U.S. v. CEA, 914 F.2d 881 (7th Cir 1990) The government acknowledges that in reviewing the sufficiency of the evidence the initial issue is the nature of the conspirators' alleged agreement. See Reporter's Transcript of Excerpts of Trial Testimony of Tamar Tucker - alleged Co-Conspirator. In the context of a narcotics transaction, neither a buyer nor a seller can be guilty of a conspiracy to possess a narcotic with intent to sell merely because of the relationship created by that sale. U.S. v. Manzella, 791 F.2d 1263, 1265 (7th Cir 1986). The government further argues that while mere association with conspirators is by itself insufficient to prove participation in a conspiracy, a single act may be sufficient evidence to prove a conspiracy if it can be inferred that the act was "intended to advance the ends of the conspiracy." U.S. v. Xheka 704 F.2d 974, 988-89 (7th Cir. 1983). June 28, 2019, Defendant was found guilty of Conspiracy to Possess Methamphetamine with the intent to distribute it in violation of 21 U.S.C. § 841. This charge requires proof that Defendant acted with specific intent to commit the underlying offense, and in addition took a substantial step toward its completion. U.S. v. Rovetuso, 768 F.2d 809, 821 (7th Cir. 1985). Defendant claims the government failed to prove either pre-requisite beyond a reasonable doubt.

The Indictment charges Defendant not only with a drug offense, but it also alleges that defendant "did corruptly obstruct and impede or endeavor to influence, the administration of justice... in violation of 18 U.S.C. § 1503" (Count Two) and that he "did knowingly engage... and did knowingly attempt to engage in misleading conduct toward another person, with the intent to influence, delay, or prevent testimony... in violation of 18 U.S.C. § 1512(b)(1). The Supreme Court of the United States has suggested that "corruptly", in the context of obstruction of justice, involves an element of dishonesty that is necessary for a finding of guilt. See Arthur Andersen LLP v. United States, 544 U.S. 696, 706-07 (2005) (noting that "the Fifth Circuit Pattern Jury Instruction for § 1503... defined corruptly as knowingly and dishonestly, with the specific intent to subvert or undermine the integrity of a proceeding." Moreover, the definition of "misleading conduct" for tampering with a witness in violation of 18 U.S.C § 1512 includes "inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity." Accordingly, the charges of obstruction of the due administration of justice and tampering with a witness by misleading conduct was based on improper criteria unsupported by the record. In accordance with the Supreme Court decision in Stirone v. U.S. when the government chooses to specifically charge the manner in which the defendants statement is false, the government should be required to prove that it is untruthful for that reason. 361 U.S. at 219, 80 S. Ct. 270. To allow otherwise would permit the Jury to convict the defendant on a basis broader than that charged in the Grand Jury Indictment. In regards to Count Two and Count Three, I am attaching documents showing proof of why I shouldn't be enhanced 2-levels for obstruction of justice and why I am objecting to Count Three - Tampering with a witness (misleading conduct) - 000946, 000947 of the attached shows where my attorney submitted to the court our Exhibits for trial, and the government alleges in Count Two that defendant submitted to the Court fraudulent facebook messages purported to have been written by a Government Witness; 000948, 000949, 000950 000951, 000952

000948, 000949, 000950, 000951, 000952 are the documents and messages the government alleges are fraudulent or false.

In trial the government failed to prove the element of dishonesty which is necessary for a finding of guilt in regards to the obstruction of justice charge.

In trial North Texas Regional Computer Forensics Laboratory Expert witness for the government Scott Morris, reported and testified as to his finding of the electronic devices that was seized that it cannot be determined who typed the messages. See report in possession of the government - Bates Stamp Number, GOV 000015 to GOV 000032.

I have received notice from the court in which the trial court judge referred my Pro Se motion to Judge Hawthorn for consideration and determination for appointment of new counsel. It is my hope that he allows me to raise these issues and concerns set forth above as well as the Post-Trial Pro Se Motions that has been filed on my behalf in a timely manner after trial.

It should be noted that there was never an agreement between Tamar Tucker, defendant would like to direct your attention to the Trial Transcript Testimony Pages 99-102, 107, 108 that was submitted to the court as attachments in the Motion For An Evidentiary Hearing. To Join a conspiracy, then, is to join an agreement, rather than a group. It follows that to be a conspirator you must know of the agreement, U.S. v. Cerro, 775 F.2d 908, 911 (7th Cir 1985) and must intend to join it U.S. v. Bruun, 809 F.2d 397, 410 (7th Cir 1987). In this case there is no agreement between Tamar Tucker or any other person to distribute drugs. A defendant must show both that he did not conspire with each defendant and that he was prejudiced by being tried with defendants who were not his co-conspirators U.S. v. Townsend 924 F.2d 1385 (7th Cir 1991). Defendant also argues an agreement between a defendant and Lyndell Talley whom was acting purely as an government agent cannot be a conspiracy. See U.S v. Escobar de Bright, 742 F.2d 1196, 1200-01 (9th Cir 1984); Sears v. U.S., 343 F.2d 139, 142 (5th Cir 1965) Defendant - Winfred Ware Jr, respectfully pray that you file these documents with PACER so that the record would show a response in regards to the Governments Objection to the PSR.

Winfred Ware





000948

Messenger

www.facebook.com

Winfred Home

Messenger

Lyndell Talley

Lyndell Talley

Earnest Hardy

Aya Yrrehc

Jackie Tatum

Jerry Castleberry

Detra Owens

James Galindo

Charde Salone

Laquilia Blackshire

Lyndell Talley

You and Lyndell Talley aren't connected on Facebook

ay whats up bro this big talley. I know you fucked up about how shit went down with you as far as me being the informant goes, but I never meant to try to put you in shit it was the deputy officer Chris Welk who threw your name in with the other ten people I owed to the ATF agent craig. I just talked to him and he was telling me how cocky you is. you had court today right.

Man this some messed up stuff you did and they got me going thru they acting like I done sold you drugs. I told the agent Craig and the US attorney I never sold you anything. I need you to sign some kind of statement so I can get my name cleared of this ASAP

I cant sign any statements bro unless they against you, they gave me a CI number in order for me to

Lyndell Talley

Type here to search

5:45 PM
7/12/2018

Messenger

Lyndell Talley

Earnest Hardy

Aya Yrrehc

Jackie Tatum

Jerry Castleberry

Detta Owens

James Galindo

Charde Salone

Laquilia Blackshire

Lyndell Talley

I cant sign any statements bro unless they against you, they gave me a CI number in order for me to stay out of jail for what I did in return, I had to give them names, video and audio. They know you didn't sell me any drugs that's why im touching bases with you cause I don't wanna see you get fucked off or do any time for something you hadn't did. Ima be honest with you Chris Welk with the Panola County Sheriffs is the one who has it out for you because ATF agent Craig didn't even know you.

The only thing is the police because you and him followed me down to my house that day that's why Panola County PD was planning to sell you drugs that's why he is where they came from.

May 29th 7:14pm

man look they wanted me to just make contact with you and get tamar to be involved and tamar knew this cause I payed him a hundred dollars to be involved that's why he was calling your phone that day many of times. even though you didn't sell me any drugs they still wanted you to be part of the conspiracy like you did because of the videos of me, you, and him talking. and the phone calls he made to you. man believe me I know how dirty they tryna play you that's why im reaching







000950

Messenger

www.facebook.com

Winfred Home

Messenger

Lyndell Talley

Earnest Hardy

Aya Yrrehc

Jackie Tatum

Jerry Castleberry

Detra Owens

James Galindo

Charde Salone

Laquilia Blackshire

Type here to search

Lyndell Talley

dirty they tryna play you that's why im reaching out to you because I know the kids and people in the neighborhood look up to you, and its not right. I was being honest on why I did what I did but never thought you would get arrested or charged for anything you hadn't did.

So who was the guy you met later that evening/night they set you up to supposedly come meet with me?? I'm asking you this because these are matters me and my lawyer is concerned about because they tryna make it look like you came back and met with me later that evening of the audio.

it was a nigga out of marshall, I had done had setup to meet me in Carthage but I told agents I was meeting up with you so I can keep my feet on the ground cause you is the one agent Craig and Chris Welk wanted me to try and set up to make a deal with thru tamar. them people got plenty of evidence that I didn't get any drugs or purchase any drugs from you matters what was said in the video that was all a front to them peoples bro I got a CI#11805 that's the number I give when I call in and speak to them peoples I don't give them a name I'm just being real, they know and had

Lyndell Talley

5:54 PM
7/12/2018

Messenger

Lyndell Talley
Earnest Hardy
Aya Yrrehc
Jackie Tatum
Jerry Castleberry
Detra Owens
James Galindo
Charde Salone
Laquilia Blackshire

I know you good in your neighborhood my boy, this was your first kickball tournament you had put together for the back 2 school supply drive for the kids in 2015 yea you didn't think I had it lol Tenaha still the champs, I ran across this picture last week and then the agent called me today with some bullshit so I had to reach out to you and let you know the business keep on pushing my boy.

000952

## Certificate of Service

I certify a true and correct copy of the above letter has been hand delivered, pre-paid postage to the District Clerk and parties written below on the 30th day of September, 2019.

Cause No: 9:18 CR 43

- Law Clerk
  Jefferson County of Beaumont, TX - 300 Willow Street, 77701
  Angelina County of Lufkin, TX - 104 North Third Street, 75901

- Honorable Judge Marcia A. Crone
  Jefferson County of Beaumont, TX - 300 Willow Street, 77701

- Assistant United States Attorney - Lauren Gaston
  Angelina County of Lufkin TX - 415 South First St Suite 201 75901

- Defendants Attorney - Greg C Gladden
  Harris County of Houston, TX - 3017 Houston Avenue 77009

Respectfully submitted,

Date: 9/30/2019

*Winfred Ware Jr* (signature)
Winfred Ware Jr



Winfred Lure Jr.
1001 Pearl S
Beaumont, TX 77701

Law Clerk of Honorable Marcia A. Crone
300 Willow St.
Beaumont, TX 77701