Page 1

United States District Court
Eastern District Of Texas Probation and Pretrial Services
Nikki Stephens - Deputy Chief Probation Officer
200 N. Travis, Suite 100
Sherman, TX 75090

RE: US v. Winfred Earl Ware Jr
Case No: 9:18CR43

Dear Nikki:

U.S. Probation Officer Linda Wright-Bailey has received several letters and pro se objections regarding issues that was prepared in the Initial Pre-Sentence Investigation report that was submitted to the Court August 21, 2019. October 8, 2019, I received a revised Pre-Sentence Investigation report that was submitted to the Court October 3, 2019. In the revised Pre-Sentence Investigation report none of the objections or issues I raised in regards to the Initial Pre-Sentence Investigation report was noted or even considered. September 13, 2019, the Government filed an objection to the Pre-Sentence Investigation report, every word from pages 4 & 5 of the "Government's Objection to the PSR" was copied and pasted to the revised Pre-Sentence Investigation Report, which made the base offense level go from a 32 to 36 and changed the drug amount from 98 grams to 664 unproven grams of methamphetamine. I have asked Linda pursuant to Fed. R. Crim. Proc. Rule 32 to investigate further the evidence that was presented at trial being that it's essential to the base offense level charged in the PSR. Generally, where a defendant offers no evidence to refute the factual assertions in the PSR as to the quantity of drugs attributable to him, whether because of his own acts or because such quantity falls within the scope of his jointly undertaken

activity and was foreseeable, the district court may adopt those facts without further inquiry as long as the assertions are supported by sufficient indicia of reliability. U.S. v Cyr 337 F.3d 96, 100 (1st 2003), U.S. v Solis 299 F.3d 420, 456 (5th Cir 2002) U.S. v. Barnett 989 F.2d 546, 553, n.6 (1st Cir 1993), U.S. v Shelton 400 F.3d 1325, 1327-30 (11th Cir 2005) In trial there was no evidence to corroborate the bogus testimony that was given by Tamar Tucker and Derek Harrison and Lyndell Talley. Several states have moved to toughen regulations on the use of such informants, whose credibility has always been an issue because they're motived to get their sentences reduced. The new rules include requiring pretrial hearings on whether prisoners' testimony should be allowed and forcing prosecutors to disclose any deals with informants as well as their history of testifying in other cases. Wrongful convictions also led Texas lawmakers to toughen the rules on jail house informants in 2017. The state's law requires prosecutor to keep records on the use of jailhouse informants and any deals they get because of their testimony. It also mandates prosecutors release certain information about informants to defense lawyers.

I understand I was found guilty by a jury on June 28, 2019, but that does not mean I am guilty of the Counts charged in the Indictment. The judge ordered a Pre Sentence Investigation report from U.S. Probation and PreTrial Services and it is my job to make sure the PSR is honest and accurate. I have raised several objections to the materially untrue and inaccurate information prepared in the PSR. The record reflects my issues and concerns with the evidence presented at trial as well as the information in the PSR. I am in the process of appealing my conviction and it is my understanding that if you don't raise the issues or object to any of the issues then you can't raise the issues on appeals. In the 5th Circuit, the district court is entitled to rely upon the information in the PSR in making factual determination at sentencing, as long as the information bears some indicia of reliability. U.S. v Scher, 601 F.3d 408, 413 (5th Cir 2010). If challenging the PSR, the defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially false. I have submitted to

U.S. Probation, District Court, as well as my attorney challenging the PSR.

Paragraph 54 - Adjustment for Obstruction Of Justice charged in Count 2 of the Indictment states "he" submitted to the Court fraudulent Facebook messages purported to have been written by a Government Witness. The messages in question dated May 29, 2018 where Lyndell stated he was an informant for the government is in fact a true statement. The Government contends that the statements made by Lyndell were in opposition to the Government's evidence. The Government failed to prove what statement was false and how the statements were in opposition to their evidence. My objection to the Obstruction Of Justice § 3C1.1, I did not submit any documents, there is no evidence that the Facebook profile is fraudulent or false, there is no evidence that the statements in the messages are fake or false. If Linda Wright-Bailey take action and conduct her own investigation pursuant to Fed. R. Crim. Procedure Rule 32 based on my objections - evidence will present itself that the Obstruction Of Justice +2 Level enhancement should not be applied in the instant case.

Paragraph 55 - Adjustment for Acceptance of Responsibility, after trial I spoke with Linda I accepted my responsibility as to the conversations I had with Lyndell Talley and how I disagreed that it was not enough evidence to sustain a conspiracy conviction, as well as obstruction of justice and tampering with witness. Therefore -3 Level should be applied to the base offense level. Trial by Jury is my constitutional right.

Paragraph 62 - Adjustment for Role in the Offense, should be minor, there was no drug transactions or agreements to commit a violent offense, -2 Level should be applied.

Paragraph 122 - Part E. Factors that may warrant departure: states the probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range: First Step Act should be noted being that I have no criminal history points. Committee on the Judiciary - The First Step Act of 2018 (S.3649)
Reforming Federal Criminal Sentencing
• Reform to 21 U.S.C. 841 - Expansion of existing federal safety valve for mandatory minimum sentencing - S. 1917 Section 102 applied prospectively: This section expands the existing

safety valve to include offenders with up to 4 criminal history points, excluding 1-point offenses, such as minor misdemeanors. However, offenders with prior "3 point" felony convictions (sentencing exceeding one year and one month) or prior "2 point" violent offenses (violent offenses with sentence of at least 60 days) will not be eligible for the safety valve absent a judicial finding that those prior offenses substantially overstate the defendants criminal history and danger of recidivism. Consistent with existing law, a judge cannot apply the safety valve unless the defendant has fully cooperated with law enforcement and has not used or threatened to use violence or firearms, caused death or serious bodily injury, or was an organizer, leader, manager, or supervisor of others in connection with the offense.

The First Step Act of 2018 - Reforming Federal Criminal Sentencing, shows that I am eligible for the Safety Valve but the First Step Act Information has not been applied to my PSR.

I am writing informing U.S. Probation and PreTrial Services that I have raised various objection to the Initial Pre Sentence Report and none has been considered. The most recent Pro Se objection that was mailed to Linda and sent to the court is Document # 141.

I would greatly appreciate if you would investigate these matters, issues and concerns before Final Sentencing.

Respectfully Submitted,

*Winfred Ware*
Winfred Ware Jr

Certificate of Service                                                              Page 5

I certify a true and correct copy of the above letter has been hand delivered, pre-paid postage to the District Clerk and parties written below on the 25th day of October, 2019.

Cause No: 9:18 CR 43

- Law Clerk
  Jefferson County of Beaumont, TX - 300 Willow Street, 77701
  Angelina County of Lufkin, TX - 104 North Third Street, 75901

- Honorable Judge Marcia A. Crone
  Jefferson County of Beaumont, TX - 300 Willow Street, 77701

- Assistant United States Attorney - Lauren Gaston
  Angelina County of Lufkin TX - 415 South First St Suite, 201 75901

- Defendants Attorney - Greg C. Gladden
  Harris County of Houston, TX - 3017 Houston Avenue 77009

- United States Probation - Linda Wright-Bailey, Jimmy Wilkerson
  Smith County of Tyler, TX - 211 W Ferguson 75702

- United States Probation - Nikki Stephens, Myra Kirkwood
  Sherman, TX - 200 N. Travis, Suite 100

Date: 10/25/2019

Respectfully Submitted,

_/s/ W__
Winfred Ware Jr

Winfred Ware
1001 Pearl St.
Beaumont, Tx 77701




U.S. POSTAGE PAID
FCM LETTER
OKLAHOMA CITY, OK
73162
OCT 28, 19
AMOUNT
$0.55
R2304E105752-02

1021    75901

United State District Court
District Clerk
104 North Third St.
Lufkin, Tx 75901