| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 9:18-CR-43
§
WINFRED EARL WARE, JR. §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Winfred Earl Ware, Jr.'s ("Ware") *pro se* Motion for Relief From Judgment of Conviction Pursuant to Federal Rules of Civil Procedure 60(b)(4) and 12(h)(3) (#201), wherein Ware asserts that the judgment is void for want of subject matter jurisdiction. The Government filed a response in opposition (#204).

I.   Background

On November 14, 2018, a federal grand jury in the Eastern District of Texas returned a three-count Indictment charging Ware in Count One with Conspiracy to Possess with Intent to Distribute Methamphetamine (actual), in violation of 21 U.S.C. § 846; in Count Two with Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. § 1503; and in Count Three with Tampering with a Witness by Misleading Conduct, in violation of 18 U.S.C. § 1512. Following an eight-day jury trial, Ware was convicted on all three counts. On November 26, 2019, the court sentenced Ware to 180 months' imprisonment, followed by a five-year term of supervised release on Count One; 120 months' imprisonment, followed by a three-year term of supervised release on Count Two; and 180 months' imprisonment, followed by a five-year term of supervised release on Count Three, all to run concurrently. On November 27, 2019, Ware filed a notice of appeal of his judgment and sentence.

II.    Analysis

As an initial matter, the court lacks jurisdiction to consider Ware's motion for relief from judgment, which is the subject of Ware's direct appeal currently pending before the United States Court of Appeals for the Fifth Circuit, Case No. 19-40989. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *accord Manrique v. United States*, ___ U.S. ___, 137 S. Ct. 1266, 1271 (2017); *United States v. Hernandez-Cuellar*, 793 F. App'x 311, 311 (5th Cir. 2020); *United States v. Bolton*, 908 F.3d 75, 101 (5th Cir. 2018). When a notice of appeal is filed, the case is transferred permanently to the appellate court until it is remanded back to the district court, as "a case can exist in only one court at a time." *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018). After a criminal defendant has appealed an order, "the district court retain[s] only the authority to facilitate the appeal or correct any clerical issues." *United States v. Pena*, 713 F. App'x 271, 273 (5th Cir. 2017) (citing *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)); *accord Hernandez-Cuellar*, 793 F. App'x at 311; *United States v. Ruvalcava-Garza*, 750 F. App'x 353, 356 (5th Cir. 2018); *see* FED. R. APP. P. 4(b)(5) (indicating that a district court is not divested of jurisdiction to correct a sentence that resulted from clear error within 14 days after sentencing).

Nonetheless, Federal Rule of Criminal Procedure 37 provides:

If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1)    defer considering the motion;

(2)    deny the motion; or

      (3)      state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CRIM. P. 37(a). Thus, notwithstanding its lack of jurisdiction, the district court has the discretion to defer or deny the motion, state that it would grant the motion if the court of appeals remands, or indicate that the motion presents a substantial issue. *Id.*; *see Lucero*, 755 F. App'x at 387. Even if the court considers the motion here, Ware is not entitled to relief. Ware's assertion that the Government failed to allege sufficient facts to establish federal jurisdiction is an objection to a defect in the indictment, which "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *See* FED. R. CRIM. P. 12(b)(3)(B). Accordingly, Ware's motion is not timely.

Even if Ware's motion were timely, he relies on Rules 60(b)(4) and 12(h)(3) of the Federal Rules of Civil Procedure, which do not apply in criminal proceedings. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district court . . . .") (emphasis added). Instead, the Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." FED. R. CRIM. P. 1(a)(1). Even under the applicable provision of the Federal Rules of Criminal Procedure, which provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending," Ware's motion lacks merit. *See* FED. R. CRIM. P. 12(b)(2).

Article III of the United States Constitution bestows jurisdiction in federal courts over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. CONST. art. III, § 2. Congress has provided that "[t]he district courts of the United States shall have original

jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. Rojas*, 812 F.3d 382, 390 n.2 (5th Cir.) (stating that the district court had subject matter jurisdiction over a criminal case where the indictment charged the defendants with committing federal crimes (citing *United States v. Kaluza*, 780 F.3d 647, 654 (5th Cir. 2015))), *cert. denied*, 136 S. Ct. 2421 (2016); *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (indicating that "an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute" to invoke subject matter jurisdiction under § 3231 (citations omitted)), *cert. denied*, 571 U.S. 889 (2013). Ware was charged with a drug crime in violation of the Controlled Substances Act, 21 U.S.C. §§ 801-971, which derives its jurisdiction from the Commerce Clause. *See* U.S. CONST. art. I, § 8, cl. 3 (authorizing Congress to regulate commerce among the several states). "Defects in the indictment, moreover, such as insufficient factual allegations, do not deprive the court of jurisdiction." *United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014) (citing *Scruggs*, 714 F.3d at 263), *cert. denied sub nom. Aldridge v. United States*, 574 U.S. 850 (2014).

III.   Conclusion

Based on the foregoing analysis, Ware's Motion for Relief From Judgment of Conviction Pursuant to Federal Rules of Civil Procedure 60(b)(4) and 12(h)(3) (#201) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE